UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

   AUSTIN WILLIAMS

                             Plaintiff,

              -against-

P.O. James Berk, Shield No. 02974; P.O. Steven Acevedo, Shield No. 16469; Lieutenant John Hopkins, Sergeant Vasiliy Ignatov; P.O. Daniel O'hare, Shield No. 17735; Sergeant Ryan Habermehl, Shield No. 01478; Captain Anthony Longobardi; Inspector Joseph Gulotta

                            Defendants.

------------------------------------------------------------------ x

**AMENDED COMPLAINT**

Jury Trial Demanded

16-CV-949 (NGG) (VMS)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiffs demand a trial by jury in this action.

## PARTIES

6.  Plaintiff AUSTIN WILLIAMS ("plaintiff") is a resident of Kings County in the City and State of New York.

7.  At all relevant times herein Police Officer James Berk, Sheild No. 02974, was an officer, employee and agent of the NYPD. P.O. Berk is sued in his individual and official capacity.

8.  At all relevant times herein Police Officer Steven Acevedo, Shield No. 02974, was an officer, employee and agent of the NYPD. P.O. Acevedo is sued in his individual and official capacity.

9.  At all relevant times herein Lieutenant John Hopkins was an officer, employee and agent of the NYPD. Lieutenant Hopkins is sued in his individual and official capacity.

10. At all relevant times herein Sergeant Vasiliy Ignatov was an officer, employee and agent of the NYPD. Sergeant Ignatov is sued in his individual and official capacity.

11. At all relevant times herein Police Officer Daniel O'Hare, Shield No. 17735, was an officer, employee and agent of the NYPD. P.O. O'Hare is sued in his individual and official capacity.

12. At all relevant times herein Sergeant Ryan Habermehl, Shield No. 01478, was an officer, employee and agent of the NYPD. Sergeant Habermehl is sued in his individual and official capacity.

13. At all relevant times herein Captain Anthony Longobardi, Shield No. 02974, was an officer, employee and agent of the NYPD. P.O. Longobardi is sued in his individual and official capacity.

14.     At all relevant times herein Inspector Joseph Gulotta was an officer, employee and agent of the NYPD.  Inspector Gulotta is sued in his individual and official capacity.

15.     At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

16.     On September 22, 2015 plaintiff was at a friend's house located at 994 Rutland Road, Brooklyn, NY.

17.     Plaintiff was committing no crime, nor was Plaintiff seen committing any crime by any member of the New York City Police Department ("NYPD").

18.     At approximately 3 p.m. several members of the NYPD, including but not limited to P.O. Steven Acevedo, Shield No. 16469; Lieutenant John Hopkins, Sergeant Vasiliy Ignatov; P.O. Daniel O'hare, Shield No. 17735; Sergeant Ryan Habermehl, Shield No. 01478; Captain Anthony Longobardi and Inspector Joseph Gulotta entered or were present at the private residence located at 994 Rutland Road, without a warrant or probable cause, and took several individuals into custody.

19.     Plaintiff had no outstanding warrants, nor had he committed any crime.  There was no reason whatsoever for plaintiff to be detained at that moment by the NYPD.

20.     Plaintiff was never informed why he was being taken into custody.

21.     Plaintiff was taken to by members of the NYPD to the 67th Precinct in Kings County.

22.     Plaintiff was denied food, water, or any opportunity to use the bathroom or make any phone calls.

23. At some point plaintiff was transported from the 67Th Precinct to Central Booking in Kings County.

24. On September 24th, after over 54 hours in custody, plaintiff was released from central booking with no charges filed against him.

25. Plaintiffs suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, anxiety, embarrassment, humiliation, and damage to his reputation.

## FIRST CLAIM
## 42 U.S.C. § 1983

26. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

27. Defendants, by their conduct toward plaintiffs alleged herein, violated plaintiffs' rights guaranteed by 42 U.S.C. § 1983, the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

28. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
## False Arrest

29. Plaintiff repeats and re-alleges each and every allegation as if fully set forth herein.

30. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiffs without probable cause.

31. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

### THIRD CLAIM
### Failure To Intervene

32. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

33. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

34. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

35. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:      August 29, 2016
            New York, New York


_____/s/_____
Brian Hutchinson, Esq.
305 Broadway, Suite 900
New York, New York 10007
(212) 323-7418
zandhlegal@gmail.com

*Attorney for plaintiff*